UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 0:14-CV-01009

| | |
|---|---|
| Della Johnson,<br><br>　　　　Plaintiff,<br><br>v.<br><br>The Schreiber Law Firm, PLLC,<br><br>　　　　Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Della Johnson (hereinafter "Plaintiff") is a natural person who resides in the City of Plymouth, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant The Schreiber Law Firm, PLLC (hereinafter "Defendant") is a foreign collection law firm and unlicensed collection agency operating from an address of 6 Interplex Drive, Suite 209, Trevose, Pennsylvania 19053, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime before September 2013, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a credit card with Applied Bank.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8. On or around January 10, 2014, this debt was fully resolved and Plaintiff was released from any further obligation under the debt.

9. However, after January 10, 2014, despite the fact that this debt was resolved, Defendant contacted Plaintiff directly and continued to collect this debt from her.

### *Illegal Collection Call and Direct Contact with Represented Party*
### *January 13, 2014*

10. On October 10, 2013, Plaintiff filed a federal lawsuit against Defendant alleging violations of the FDCPA for its collection of this same debt, and in which Plaintiff was represented by an attorney. *See Della Johnson v. The*

*Schreiber Law Firm, PLLC et al.*, D. Minn. Civil No. 13-cv-02800-MJD-FLN.

11. On October 16, 2013, Defendant was served with Plaintiff's federal lawsuit.

12. Defendant responded to Plaintiff's federal lawsuit by filing an Answer on November 27, 2013.

13. On or about January 13, 2014, almost three months after receiving service of Plaintiff's federal lawsuit and while the case was still pending, Defendant's collector, who referred to himself as "Mr. Parker," caused to be made a collection call directly to Plaintiff regarding this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. Defendant's January 13, 2014, collection call directly to Plaintiff led to a voicemail on her cell phone, which stated as follows:

> Good Afternoon Miss Johnson, this is Mr. Parker calling. Today is Monday the thirteenth of January. Would you be so kind as to return this phone call, 267-525-7081, so you and I can discuss this matter further? Thank you.

15. Defendant's communication directly with Plaintiff violated the FDCPA, 15 U.S.C. § 1692c(a)(2), which specifically prohibits a debt collector from communicating with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address."

16. Plaintiff was upset and intimidated by having received this additional illegal collection call from Defendant when she had clearly and unambiguously placed Defendant on notice that she was represented by an attorney with respect to this debt.

17. Defendant knew that Plaintiff was represented by an attorney in regard to this alleged debt, but thereafter directly contacted Plaintiff in clear violation of the FDCPA.

18. In his January 13, 2014, voicemail to Plaintiff, Defendant's collector also failed to disclose that the communication was from a debt collector as required by the FDCPA, 15 U.S.C. § 1692e(11).

19. Additionally, Defendant's collector failed to meaningfully disclose his identity to Plaintiff in violation of the FDCPA, 15 U.S.C. § 1692d(6).

20. Defendant's failure to disclose that it was a debt collector calling from The Schreiber Law Firm was a false, unfair and deceptive attempt to collect this debt, which materially misled Plaintiff as to who was calling, and which affected and frustrated Plaintiff's ability to intelligently respond to this phone call.

21. This January 13, 2014, collection communication from Defendant was a deceptive, misleading, unfair and illegal communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the

FDCPA, including but not limited to 15 U.S.C. §§ 1692b(6), 1692c(a)(1), 1692c(a)(2), 1692c(c), 1692d, 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692f(1), amongst others.

### *Illegal Collection Letter – January 15, 2014*

22. On or around January 15, 2014, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

23. Defendant's January 15, 2014, collection letter demanded payment from Plaintiff for $3,454.14 on an Applied Bank account ending in 9868.

24. This is the same account that was the subject of Plaintiff's first federal lawsuit against Defendant.

25. This account that Defendant was attempting to collect from Plaintiff was also for the same debt that was fully resolved on or around January 10, 2014, and for which Plaintiff was released from any further payment obligation.

26. Defendant's attempt to collect this alleged debt from Plaintiff, which no longer existed, was an act done in violation of the FDCPA at 15 U.S.C. §§ 1692e(2) and 1692f(1), amongst other provisions.

27. Moreover, Defendant's January 15, 2014, collection letter falsely stated, "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

28. However, having responded to Plaintiff's first federal lawsuit, presumably Defendant had in fact reviewed the particular circumstances of this same account.

29. Defendant falsely misled Plaintiff as to the character and legal status of this account, which was a material representation that affected and frustrated Plaintiff's ability to respond to Defendant because Plaintiff was misled to believe that this debt still existed.

30. This January 15, 2014, collection letter from Defendant was a false, deceptive, unfair and illegal communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Summary*

31. These collection communications made to Plaintiff by Defendant and the collection employees employed by Defendant, namely, by contacting a represented party and attempting to collect a debt that no longer existed, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

32. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, frustration, and upset, amongst other negative emotions.

### *Respondeat Superior Liability*

33. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, the Defendant.

34. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

35. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

36. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in its attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

40. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

# COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Respectfully submitted,

**BARRY & HELWIG, LLC**

Dated: April 8, 2014

By: s/Patrick J. Helwig
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA  )
                    ) ss
COUNTY OF HENNEPIN  )

Pursuant to 28 U.S.C. § 1746, Plaintiff Della Johnson, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___April___, ___8___, ___2014___
              Month      Day      Year

___Della Johnson___
Signature